**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAZIMIR BOYLE, <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL; and PEACOCK TV, <br><br> Defendants. | Case No.: 24-cv-00758 <br><br> **COMPLAINT FOR:** <br><br> 1. **COPYRIGHT INFRINGEMENT** <br> 2. **ACCOUNTING** <br> 3. **UNJUST ENRICHMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Kazimir Boyle ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants NBCUniversal and Peacock TV (collectively, "Defendants") and, in support of his Complaint, alleges as follows:

**NATURE OF THE ACTION**

1.      Kazimir Boyle brings this action for an accounting and damages arising from Defendants' willful infringement of Plaintiff's copyrights in his creative works and failure to account for profits, mechanical, and performance royalties.

2.      Without obtaining the appropriate licenses, Defendants reproduced, distributed, and publicly performed Plaintiff-owned musical compositions and sound recordings (the "Infringed Works") in the commercially released film, *This Is Our Christmas* (the "Accused Film"), also known as, *Beverly Hills Christmas 2*, and *Beverly Hills Christmas 2 (Director's Cut)*.

3.	A list of the Infringed Works, together with true and correct copies of the copyright registrations for the corresponding compositions and sound recordings, are attached hereto as ***Exhibit A***.

4.	Plaintiff is the sole owner and rights-holder of the musical compositions and sound recordings listed in Exhibit A.

5.	Despite Defendants' reproduction, distribution, and performance of the musical compositions and sound recordings in the Accused Film, Defendants failed to obtain a license in the Infringed Works, and neither provided accountings to Plaintiff, nor disbursed Plaintiff's share of the profits and royalties, as required under copyright law.

6.	Plaintiff brings this action to enjoin Defendants' unauthorized use of Plaintiff's Infringed Works and for damages, in an amount to be determined at trial due to the harm that has been caused to Plaintiff, the value of his intellectual property rights, and his reputation.

## PARTIES

7.	Plaintiff Kazimir Boyle is an individual and music composer who resides in Oak Park, Illinois.  Plaintiff is the sole owner of the compositions and sound recordings listed in Exhibit A.

8.	Upon information and belief, Defendant NBCUniversal is an entity with its principal place of business in New York, New York, and maintains an office within the NBC Tower located at 454 N. Columbus Dr., Chicago, Illinois.

9.	Upon information and belief, Defendant Peacock TV is an entity with its principal place of business in New York, New York, and reproduces, distributes, and publicly performs the Accused Film throughout the nation and within the State of Illinois.

**JURISDICTION**

10.     Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), as Plaintiff's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.  Specifically, Plaintiff asserts claims for damages under 17 U.S.C. § 504 for copyright infringement.

11.     Defendants NBCUniversal and Peacock TV (collectively "Defendants") are subject to personal jurisdiction in this Court.  Upon information and belief, NBCUniversal maintains one of its central offices at 454 N. Columbus Dr., Chicago, Illinois and operates and transacts business within Cook County.  Upon information and belief, NBCUniversal and Peacock TV are accessed by thousands of Illinois residents on a regular basis.

12.     This Court has specific personal jurisdiction over NBCUniversal and Peacock TV because its suit-related conduct creates a substantial connection with the State of Illinois and this Judicial District.  Furthermore, upon information and belief, and as also described in more detail below, Defendants have directly targeted the state of Illinois and this Judicial District specifically with its suit-related conduct as described herein.

13.     Defendants' Peacock streaming service offers the Accused Film for streaming and the film has been streamed by Illinois residents.  Further, Defendants conduct extensive national advertising specifically in Illinois, and offer Illinois residents NBC Chicago News and Chicago sports games by way of its Peacock streaming service, such that Defendants would have a reasonable expectation of being sued in Illinois.  Defendants benefit financially from all of the above.

14.      Defendants have continuously and systematically transacted business within the State of Illinois by having their television channels available via streaming in Illinois, as well as

3

NBCUniversal's cable and satellite channels. Defendants' content is accessible to Illinois residents, and upon information and belief, is accessed by Illinois residents on a regular basis.

15.     Defendants have exploited the Infringed Works within the State of Illinois.

## VENUE

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), and § 1400(a) because Plaintiff resides in this district and resided in this District throughout the period when a substantial proportion of the acts of infringement occurred and over which Plaintiff's damages accrued, and Defendants targeted and transacted business in this county.

## FACTUAL BACKGROUND

17.     Plaintiff Kazimir Boyle is an accomplished professional composer for film and television. Notably, Plaintiff has at least 33 credits for film scores in production films, including *The Martial Arts Kid*, which won Best Score at the Melbourne Independent Filmmakers Festival. Plaintiff has at least 20 credits for music in television programs and at least 35 credits for music arrangement in numerous productions by Walt Disney Pictures, Netflix, Warner Bros., Marvel Studios, Dreamworks, Paramount Pictures, and others. Plaintiff has at least 13 credits for score support, music editing, and orchestration, including collaborations with Hans Zimmer on multiple blockbuster motion pictures such as *Black Hawk Down*, *Pearl Harbor*, and *Hannibal*. A true and correct copy of Plaintiff's credits is attached hereto as ***Exhibit B***.

18.     In August 2017, Plaintiff relayed to the Director of the Accused Films a folder of sample music tracks in compressed .mp3 format. Plaintiff told the Director and Producer that if any of Plaintiff's tracks were used, Plaintiff would not charge a licensing fee, would send the high-resolution audio files to replace the .mp3 files and create a cue sheet. Plaintiff stated that he would send his standard license agreement once the tracks in the film were finalized. Plaintiff was not

4

informed that the film would be using his music, thus, no license agreement was entered into, and no cue sheet was filed.

19.     Plaintiff was not aware that the Accused Films had used his Infringing Works until May 14, 2021, when the Producer called Plaintiff, who resided in Illinois, and sought Plaintiff's confirmation that the use of Plaintiff's Infringed Works was licensed.  Plaintiff informed the Producer that no license had ever been signed that would have authorized use of the Infringed Works.

20.     Plaintiff subsequently discovered that at least 10 minutes of Plaintiff's music, spanning 13 different works and 24 starts, are embedded therein.

21.     Plaintiff has not been paid, nor earned any royalties generated from the streaming of his compositions and sound recordings in the Accused Films.

22.     In accordance with 17 U.S.C. § 102 *et seq.* Plaintiff secured the exclusive rights and privileges in and to the copyrights of the musical works and sound recordings.   The below table, replicated from Exhibit A, correlates each infringed work with its assigned Copyright Registration Numbers for the composition and the sound recording, respectively:

| TRACK | PA REG. NO. | SR REG. NO. |
|-------|-------------|-------------|
| She-Doos | SRu 1-504-463 | SRu 1-504-463 |
| Sunrise | SRu 1-504-463 | SRu 1-504-463 |
| Report Card | SRu 1-504-463 | SRu 1-504-463 |
| Spherius | PA 2-351-017 | -- |
| Main Titles | PA 2-351-017 | -- |
| I Have a Date | PA 2-351-564 | SRu 1-504-463 |
| Maybe They Do | PA 2-351-433 | SR 929-904 |
| A Pretty Good Start | PA 2-351-564 | -- |
| Retreat and Beating | SRu 1-504-463 | SRu 1-504-463 |

| TRACK | PA REG. NO. | SR REG. NO. |
|---|---|---|
| Making a Choice | SRu 1-504-463 | SRu 1-504-463 |
| Dark King Wenceslas | SRu 1-504-463 | SRu 1-504-463 |
| Pantocyclus | PA 2-351-017 | -- |
| Lily Dances | SRu 1-504-463 | SRu 1-504-463 |

23.    Defendants did not obtain synchronization licenses, master use licenses, nor submit a cue sheet to ASCAP.

24.    Notwithstanding their refusal to obtain the necessary licenses, Defendants exploited and continue to exploit these compositions and sound recordings in *This Is Our Christmas*, also known as, *Beverly Hills Christmas 2*, and *Beverly Hills Christmas 2 (Director's Cut)*, all of which are versions and/or rereleases of a single film.

25.    *This Is Our Christmas*, for example, uses the following tracks at the below-listed start- and stop-times:

| TRACK | START/STOP TIMES | DURATION USED |
|---|---|---|
| She-Doos | 2:40 - 3:00 | 0:20 |
| Sunrise | 11:21 - 11:28 | 0:07 |
| Report Card | 13:27 - 13:42 | 0:15 |
| Spherius | 16:31 - 16:59 | 0:28 |
| Main Titles | 19:25 - 19:39 | 0:14 |
| I Have a Date | 20:43 - 21:07 | 0:24 |
| Maybe They Do | 31:27 - 31:47 | 0:20 |
| Spherius | 32:48 - 33:08 | 0:20 |
| A Pretty Good Start | 36:03 - 36:45 | 0:42 |
| Sunrise | 37:47 - 37:54 | 0:07 |
| I Have a Date | 38:04 - 38:26 | 0:22 |
| Report Card | 42:58 -  43:53 | 0:55 |
| Retreat and Beating | 44:29 - 45:31 | 1:02 |

6

| TRACK | START/STOP TIMES | DURATION USED |
|---|---|---|
| Retreat and Beating | 45:37 - 45:48 | 0:11 |
| Sunrise | 49:35 - 49:40 | 0:05 |
| Making a Choice | 52:55 - 53:06 | 0:11 |
| Making a Choice | 53:32 - 54:00 | 0:28 |
| I Have a Date | 57:29 - 58:31 | 1:02 |
| Dark King Wenceslas | 59:24 - 59:56 | 0:32 |
| Pantocyclus | 1:00:44 - 1:01:36 | 0:52 |
| Sunrise | 1:02:45 - 1:02:50 | 0:05 |
| Lily Dances | 1:02:58 - 1:03:19 | 0:21 |
| Sunrise | 1:09:18 - 1:09:52 | 0:34 |
| I Have a Date | 1:13:45 - 1:14:06 | 0:21 |

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

26.     Plaintiff incorporates by reference all of the allegations set forth in Paragraphs 1 through 25 of this complaint as though fully set forth herein.

27.     The above stated musical compositions and sound recordings, listed in Exhibit A, were created by Plaintiff, were wholly original with plaintiff, and were reproduced, distributed, and publicly performed by Defendants in the films, including without limitation *This Is Our Christmas*, *Beverly Hills Christmas 2*, and *Beverly Hills Christmas 2 Director's Cut*.

28.     For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office.

29.     Without license or authorization, Defendants NBCUniversal and Peacock TV reproduced, distributed, and publicly performed the copyrighted works listed in Exhibit A.

30. Defendants' conduct has caused, is continuing to cause, and will further cause damages to Plaintiff. Further, Defendants' conduct is causing Plaintiff irreparable harm which cannot be sufficiently remedied via monetary relief alone, and therefore, unless enjoined by the Court, Plaintiff will suffer irreparable injury for which Plaintiff is without adequate remedy at law. Accordingly, Plaintiff is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 following judgment, prohibiting further infringement, reproduction, distribution, sale, public performance, other use, or exploitation of the Infringed Works.

## SECOND CLAIM FOR RELIEF

### Accounting

31. Plaintiff incorporates by reference all of the allegations set forth in Paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Plaintiff is the sole owner of each of the works at issue in this matter, and Plaintiff holds a copyright registration certificate from the United States Copyright Office.

33. Defendants have exploited Plaintiff's compositions and sound recordings for years and have earned substantial income therefrom.

34. Defendants have not paid any profits due to Plaintiff in connection with Plaintiff's compositions and sound recordings since exploitation by Defendants.

35. Plaintiff is entitled to an accounting of Defendants' sales, distribution, and public performance of the compositions and sound recordings to determine the amount of profits and royalties that Plaintiff is entitled to recover from Defendants.

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment

36.     Plaintiff incorporates by reference all of the allegations set forth in Paragraphs 1 through 35 of this complaint as though fully set forth herein.

37.     Defendants have unjustly enriched themselves at the Plaintiff's expense from the profits and royalties generated by Defendants infringement.

38.     Plaintiff has not been compensated for Defendants' use of his Infringed Works.

39.     As such, Plaintiff is owed its respective share of Defendants' profits and royalties from the Infringed Works embedded in the Accused Films, as listed in Exhibit A.

40.     Plaintiff is entitled to restitution for all monies owed and damages pursuant to its status as sole owner of the compositions and sound recordings at issue.

## PRAYER FOR RELIEF

WHEREFORE, Kazimir Boyle prays for:

a.     A detailed accounting of all royalties and profits derived from the commercialization of Plaintiff's Infringed Works;

b.     Payment of all royalties and profits due and owing to Plaintiff due to Defendant's unlicensed use of Plaintiff's Infringed Works;

c.     General and/or special damages, according to proof at trial;

d.     Pre- and post-judgment interest as permitted by law;

e.     Injunctive relief; and

f.     Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all causes of action so triable.

Dated:  January 29, 2024

Respectfully submitted,

By:  /s/ *Iftekhar A. Zaim*

Iftekhar A. Zaim
**IRWIN IP LLP**
150 N. Wacker Drive, Suite 700
Chicago, IL 60606
(312) 667-6080
izaim@irwinip.com

Attorneys for Plaintiff
*Kazimir Boyle*